UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUE RAY,

               Plaintiff,

    v.

RELIANCE STANDARD LIFE INSURANCE COMPANY,

               Defendant.

C17-907 TSZ

ORDER

THIS MATTER comes before the Court on (i) a motion for summary judgment, docket no. 10, brought by defendant Reliance Standard Life Insurance Company ("Reliance"), and (ii) a motion for findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 or, in the alternative, summary judgment, docket no. 11, brought by plaintiff Sue Ray. Having reviewed the briefs filed in support of and in opposition to each motion and the relevant portions of the Administrative Record,[1] docket no. 7, the Court enters the following order.

---

[1] In support of her motion for findings of fact and conclusions of law, plaintiff submitted a declaration of counsel, attached to which was a copy of a letter from the Social Security Administration ("SSA"), setting forth the amount of monthly social security benefits that plaintiff began receiving in February 2016. *See* Class Decl. (docket no. 12). Pursuant to the Minute Order entered May 22, 2018, docket no. 18, plaintiff also filed copies of materials in the SSA's records relating to her receipt of benefits. *See* SSA Records (docket no. 21). Reliance objected to the SSA records, *see* Def.'s Reply at 9-10 (docket no. 15), and the Court has not considered them in reaching its decision in this matter.

ORDER - 1

**Background**

Plaintiff brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") to recover long-term disability ("LTD") benefits, which Reliance denied on the ground that plaintiff could perform her "Regular Occupation" and was therefore not "disabled" within the meaning of the LTD policy at issue. The LTD policy requires Reliance to pay a "Monthly Benefit" if four conditions are met: (i) the "Insured" is "Totally Disabled"; (ii) the "Insured" is under the regular care of a physician; (iii) the "Elimination Period" has expired; and (iv) the "Insured" has submitted "satisfactory proof" of "Total Disability." AR 304; *see* AR at 291 (defining "Elimination Period"). The parties do not dispute that plaintiff qualifies as an "Insured," that she was under the care of a physician, and that the "Elimination Period" of 90 days has elapsed. The parties disagree about whether plaintiff was "Totally Disabled" and whether she submitted "satisfactory proof" of "Total Disability."

"Totally Disabled" and "Total Disability" are defined in the LTD policy as meaning that, as a result of an injury or illness, the Insured cannot, during the "Elimination Period" and for the first 24 months during which the "Monthly Benefit" is sought, perform the material duties of his or her "Regular Occupation." AR 296. Plaintiff ceased working on August 17, 2015, AR 39, the applicable "Elimination Period" lasted until November 15, 2015, and the 24-month benefit period at issue ended on August 17, 2017. In October 2015, plaintiff sought the "Monthly Benefit" of 60% of her covered earnings, *see* AR 2, 26, & 292, but her request was denied by letter dated

ORDER - 2

November 25, 2015, AR 31-33, and again on appeal to Reliance's Quality Review Unit by letter dated February 4, 2016, AR 38-42.

Reliance concluded that plaintiff's "Regular Occupation" was as a "Private Duty Nurse," AR 39, and determined that, as of August 17, 2015, plaintiff had the capacity to work full-time as a "Private Duty Nurse," citing to the opinion of an independent peer reviewer, Thomas Liebermann, M.D., <u>see</u> AR 40-41.  When he formulated his opinion, Dr. Liebermann was aware that plaintiff suffered from irritable bowel syndrome ("IBS") with diarrhea symptoms, and he stated that, during the course of her workday, plaintiff "must have ready access to restroom facilities."  AR 41 & 265.

Plaintiff challenges Reliance's analysis because its classification of her as a "Private Duty Nurse" disregarded the amount of travel by motor vehicle she was required to do as a "Visiting Nurse," which was the position she held with Group Health.  <u>See</u> AR 78-83.  As a "Visiting Nurse," plaintiff provided skilled nursing care and services to patients in the home setting, AR 78, and she was required to frequently (34-65% of the time) operate a motor vehicle to get from one location to another, AR 81.  While in her car, or at patients' homes, plaintiff experienced episodes of diarrhea, which would require her to divert from or leave a work site to attend to her hygiene and take steps to prevent infection.  AR 227.  These symptoms increased in severity after she stopped working in August 2015.  <u>See</u> AR 144 (reporting "more flare ups of diarrhea" as of October 10, 2015).

**Discussion**

**A.     Applicable Standards**

The parties have agreed that the *de novo* standard of review applies, <u>see</u> Joint Status Report at ¶ 4(B) (docket no. 5), because the LTD policy does not confer discretion on the plan administrator to determine eligibility for benefits or to construe the terms of the plan. <u>See</u>, *e.g.*, <u>Pettit v. Life Ins. Co. of N. Am.</u>, 2016 WL 3668022 at *4 (D. Md. July 11, 2016) (citing <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989)). Under *de novo* review, the Court evaluates whether the plan administrator correctly or incorrectly denied benefits, without regard to whether the administrator operated under a conflict of interest. <u>See Abatie v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955, 963 (9th Cir. 2006). The Court gives no deference to the plan administrator's decision, but rather determines anew whether the claimant has carried the burden of adequately establishing a disability under the terms of the plan. <u>Muniz v. Amec Constr. Mgmt., Inc.</u>, 623 F.3d 1290, 1295-96 (9th Cir. 2010).

The Court may not grant summary judgment unless no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under <u>Kearney v. Standard Ins. Co.</u>, 175 F.3d 1084 (9th Cir. 1999), however, the Court may conduct a bench trial on the administrative record in an ERISA case, evaluate the persuasiveness of conflicting testimony, and make findings of fact and conclusions of law. <u>Id.</u> at 1095. With regard to Reliance's motion for summary judgment, the Court concludes that Reliance has failed to carry its burdens of showing an absence of factual questions, particularly concerning the nature of plaintiff's "Regular

Occupation," and of establishing that it is entitled to judgment as a matter of law. The Court GRANTS plaintiff's cross-motion for favorable findings of fact and conclusions of law and STRIKES as moot plaintiff's alternative motion for summary judgment.

**B.** <u>**"Material Duties" of "Regular Occupation"**</u>

In deeming plaintiff a "Private Duty Nurse," Reliance did not properly define the scope of plaintiff's "material duties" as a "Visiting Nurse." Plaintiff's doctor, Thomas E. Byrne, M.D., and Reliance's peer reviewer, Dr. Liebermann, agreed that, because plaintiff has "recurrent unpredictable episodes of bowel incontinence," she must have "ready access to restroom facilities." AR 231 & 265. The material duties of plaintiff's "Regular Occupation" as a "Visiting Nurse" include frequent travel via motor vehicle to, from, and between patients' homes, AR 78 & 81, which necessarily places her out of close range to a restroom for substantial periods of the workday. *See also* AR 79 (listing a Washington State driver's license and proof of insurance as essential qualifications for the position of "Visiting Nurse"). The occupational data for "Private Duty Nurse" do not include any driving or travel requirements, AR 95, and Reliance did not properly perform an analysis of whether plaintiff could perform the "material duties" of her "Regular Occupation."

The Court finds and concludes that, because of her IBS with bowel incontinence, plaintiff could not, as of August 17, 2015, perform the "material duties" of her "Regular Occupation." The Court further finds and concludes that plaintiff submitted "satisfactory proof" of "Total Disability" and that Reliance's own reviewer's opinion supports deeming plaintiff "Totally Disabled," as defined for the 24-month period from August 17,

2015, until August 17, 2017.  The Court makes no ruling concerning whether plaintiff continued to be "Totally Disabled" under the LTD policy language applicable after August 17, 2017.  In light of this ruling, the Court need not and does not reach the other issues raised by the parties.

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

(1)  Reliance's motion for summary judgment, docket no. 10, is DENIED;

(2)  Plaintiff's cross-motion for favorable findings of fact and conclusions of law, docket no. 11, is GRANTED, and her alternative motion for summary judgment is STRICKEN as moot;

(3)  The parties are DIRECTED to meet and confer and to submit, on or before August 31, 2018, a proposed judgment in favor of plaintiff and against Reliance that is consistent with this Order;

(4)  If the parties are unable to agree on the total amount of "Monthly Benefit" owed to plaintiff, they shall file a Joint Status Report on or before August 31, 2018, indicating when they will be prepared for trial on the subject;

(5)  Unless the parties reach agreement concerning attorney's fees and/or costs and incorporate the associated amount or amounts in a proposed judgment, any motion for attorney's fees shall be filed in accordance with and by the deadline set forth in Federal Rule of Civil Procedure 54(d), and costs shall be taxed in the manner described in Local Civil Rule 54(d); and

(6) The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 31st day of July, 2018.

*Thomas S. Zilly*

Thomas S. Zilly
United States District Judge